Mark S. Horoupian (CA Bar No. 175373)
 *mhoroupian@sulmeyerlaw.com*
Steven F. Werth (CA Bar No. 205434)
 *swerth@sulmeyerlaw.com*
**Sulmeyer**Kupetz
A Professional Corporation
333 South Hope Street, Thirty-Fifth Floor
Los Angeles, California 90071-1406
Telephone: 213.626.2311
Facsimile: 213.629.4520

Attorneys for Howard M. Ehrenberg, Chapter 7
Trustee

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re | Case No. 2:18-bk-11909-ER |
| RAYMOND EXPRESS INTERNATIONAL, LLC | Chapter 7 |
| Debtor . | Adv. No. |
| HOWARD M. EHRENBERG, Chapter 7 Trustee, | **COMPLAINT FOR AVOIDANCE AND RECOVERY OF LIENS PURSUANT TO 11 U.S.C. §§ 547(b), 550 AND 551** |
| Plaintiff, | Status Conference: |
| vs. | Date: To Be Set By Court |
| SUGIO JUWONO, an individual, | Time: To Be Set By Court |
| Defendant. | Place: Courtroom 1668 Roybal Federal Building 255 East Temple Street Los Angeles, California 90012 |

For his Complaint For Avoidance And Recovery Of Lien Pursuant To 11 U.S.C. §§ 547(b), 550 And 551 ("Complaint"), against Sugio Juwono ("Defendant"), Howard, M. Ehrenberg, the duly appointed and acting Chapter 7 Trustee ( the "Trustee" or "Plaintiff"), hereby alleges as follows:

## REQUIRED PLEADING DISCLOSURE

1.    In accordance with the requirements of Local Bankruptcy Rule 7008-1, Plaintiff hereby alleges that the claims for relief set forth in the Complaint constitute a core proceeding under 28 U.S.C. § 157(b), in that the claims for relief relate directly to property of the

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1  Plaintiff's estate.  Regardless of whether the claims for relief are core or non-core, Plaintiff hereby

2  consents to the entry of final orders and judgment by the Bankruptcy Court, except as may be

3  precluded by applicable law.

4  **STATEMENT OF JURISDICTION AND PROCEEDINGS**

5  2.    Venue properly lies in this judicial district pursuant to 28 U.S.C. § 1409(a),

6  in that this is a civil proceeding arising in and/or related to the Plaintiff's Chapter 7 case, styled *In*

7  *re Raymond Express International, LLC* (Case No. 2:18-bk-11909-ER) currently pending in the

8  Los Angeles Division of the United States Bankruptcy Court for the Central District of California

9  ("Bankruptcy Court").  Pursuant to 28 USC § 1391(b)(2), venue is appropriate in this Central

10  District of California as the acts and conduct complained of herein took place within this district.

11  Accordingly, this Court also has personal jurisdiction over the Defendant.

12  3.    The Bankruptcy Court has jurisdiction over this proceeding pursuant to 28

13  U.S.C. §§157(b)(1) and 1334(a) and General Order No. 242-A of the District Court for the Central

14  District of California, as this is a core proceeding under 28 U.S.C. § 157(b)(1) and (2)(F), (K), and

15  (O).

16  4.    On February 21, 2018 ("Petition Date"), an involuntary petition was filed

17  under Chapter 7 of Title 11 of the United States Code against the Debtor, Raymond Express

18  International, LLC (the "Debtor").   On July 26, 2018, the Bankruptcy Court issued an order for

19  relief adjudging and decreeing that the Debtor was bankrupt.    Thereafter, the Trustee was

20  appointed.

21  **PARTIES**

22  5.    Plaintiff brings this action for the benefit of the bankruptcy estate ("Estate")

23  and its creditors, and solely in his capacity as the Chapter 7 Trustee.  To the extent that Plaintiff

24  asserts claims under 11 U.S.C. § 544(b), Plaintiff is informed and believes and on that basis

25  alleges, that there exists in these cases one or more creditors holding unsecured claims allowable

26  under 11 U.S.C. § 502 or that are not allowable only under 11 U.S.C. § 502(e) who could have

27  avoided the respective transfers or obligations under California or other applicable law before the

28  Plaintiff's petition was filed.

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

6.      Plaintiff is informed and believes and based thereon alleges that Defendant is an individual residing in the State of California.  At all relevant times, Defendant was an individual for whose benefit the recoverable transfers alleged in this Complaint were made; and/or an immediate or mediate transferee of such recoverable transfers.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

7.      Prior to the Petition Date, the Debtor operated a logistics business specializing in transportation of perishable, temperature-sensitive products, including fruits and vegetables, meat, seafood, and medicine, servicing primarily military and commercial customers seeking to transport perishables from the West Coast of the United States to Asia, including to U.S. military bases in South Korea (the "Business").

8.      The Debtor's membership interests are held by REI Intermediate Holding Company, Inc, a Delaware corporation ("Parent"), and REI Holding Company, Inc., a Delaware corporation (the "Ultimate Parent").  Parent's equity interests are held solely by Ultimate Parent. The Debtor, Ultimate Parent and Parent are sometimes referred to collectively herein as the "REI Parties".

9.      On or about April 11, 2018, the Ultimate Parent received a federal tax refund from the United States Department of Treasury (the "Federal Tax Refund") in the amount of $4,922,346.   In addition to the Federal Tax Refund, the Trustee has asserted a claim for a refund from the State of California (the "CA Tax Refund") in the amount of approximately $1,769,490, for the tax years 2014 and 2015.  The request for the CA Tax Refund has been under audit by the Franchise Tax Board for the past 18 months.

10.      Shortly after its receipt of the Federal Tax Refund, Ultimate Parent endorsed the entirety of the Federal Tax Refund to the agent for its lenders ("Agent").  The Agent applied $4,393,599.50 of the Federal Tax Refund to satisfy the balance of its obligations that were due, owing and outstanding to the Debtor's lenders.   Portions of the balance of the Federal Tax Refund were utilized by the Trustee to settle disputed liens of additional secured creditors.

11.      The Federal Tax Refund has been assigned by the board of the Ultimate Parent to the Trustee, and is property of the Estate.   The Trustee contends that the CA Tax Refund

is property of the Estate, as the tax losses were as a result of the Debtor's operations, and the Parent and Ultimate Parent had no business operations.

12.    On or about November 27, 2017, within 90 days prior to the Petition Date, a UCC-1 Financing Statement (the "UCC-1 Financing Statement" or "Preferential Transfer") was recorded in favor of Defendant to secure payment of an antecedent debt owed by Debtor to Defendant, in the amount of $29,593.15.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

13.    The recording of the UCC-1 Financing Statement constituted a transfer of interest in property of the Estate to Defendant.

14.    The UCC-1 Financing Statement was recorded 86 days prior to the Petition Date.

## FIRST CLAIM FOR RELIEF

### (Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. § 547(b))

15.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 14 as though set forth in full.

16.    Plaintiff is informed and believes, and on that basis alleges, that the Preferential Transfer was made to Defendant for the benefit of Defendant, who was a creditor of the Plaintiff at the time of the Preferential Transfer as that term is defined by 11 U.S.C. § 101(10).

17.    Plaintiff is informed and believes, and on that basis alleges, that the Preferential Transfer were a transfer of an interest of the Plaintiff in property.

18.    Plaintiff is informed and believes, and on that basis alleges, that the Preferential Transfer was made for or on account of an antecedent debt owed by the Plaintiff to Defendant before the Preferential Transfer was made.

19.    Plaintiff is informed and believes, and on that basis alleges, that the Preferential Transfer was made at a time that the Plaintiff was insolvent, as that term is defined in 11 U.S.C. §101(32).

20.    Plaintiff is informed and believes, and on that basis alleges, that the Preferential Transfer enabled Defendant to receive more than Defendant would have received if

SulmeyerKupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

(a) the Plaintiff's bankruptcy case was a case under chapter 7 of title 11 of the United States Code; (b) the Preferential Transfer had not been made; and (c) Defendant received payment of such debt to the extent provided by Title 11 of the United States Code.

21.    Plaintiff is entitled to an order and judgment under 11 U.S.C. § 547(b) that the Preferential Transfer is avoided.

## SECOND CLAIM FOR RELIEF

### (For Recovery Of Property Pursuant To 11 U.S.C. § 550)

22.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 21 as though set forth in full.

23.    As alleged herein, Plaintiff is entitled to avoid the Preferential Transfer under 11 U.S.C. § 547.  As the Defendant is the initial transferee of the Preferential Transfer, or the entity for whose benefit the Preferential Transfer was made, Plaintiff is entitled to recover for the Estate the value of the transfers under 11 U.S.C. § 550.

## THIRD CLAIM FOR RELIEF

### (For Preservation Of Avoided Transfers Pursuant To U.S.C. § 551)

24.    Plaintiff realleges and incorporates herein by reference each and every allegation contained in paragraphs 1 through 23 as though set forth in full.

25.    Pursuant to 11 U.S.C. § 551, Plaintiff is entitled to preserve any transfer avoided under 11 U.S.C. § 547, including the Preferential Transfer, for the benefit of the Estate.

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

## ON THE FIRST CLAIM FOR RELIEF

1.    For a judgment that the Preferential Transfer are avoidable as preferential transfers under 11 U.S.C. § 547(b);

## ON THE SECOND CLAIM FOR RELIEF

2.    For a judgment that the Estate is entitled to recover the Preferential Transfer or the value thereof under 11 U.S.C. § 550;

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

1

**ON THE THIRD CLAIM FOR RELIEF**

2    3.    For a judgment that the Estate is entitled to preserve the transfers avoided under 11

3  U.S.C. § 547(b) for the benefit of the Estate;

4

**ON ALL CLAIMS FOR RELIEF**

5    4.    For costs of suit incurred herein, including attorneys' fees; and

6    5.    For such other and further relief as the Court deems just and proper.

7  DATED: February 20, 2020                    Respectfully submitted,

8
                                              **Sulmeyer**Kupetz
9                                             A Professional Corporation

10

11                                            By:    *s/Mark S. Horoupian*
                                                     Mark S. Horoupian
12                                                   Steven F. Werth
                                                     Attorneys for Howard M. Ehrenberg, Chapter 7
13                                                   Trustee

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH GRAND AVENUE, SUITE 3400
LOS ANGELES, CALIFORNIA 90071
TEL 213.626.2311 • FAX 213.629.4520

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>HOWARD M. EHRENBERG, Chapter 7 Trustee | **DEFENDANTS**<br>SUGIO JUWONO |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Mark S. Horoupian (CA Bar No. 175373)<br>*mhoroupian@sulmeyerlaw.com*<br>Steven F. Werth (CA Bar No. 205434)<br>*swerth@sulmeyerlaw.com*<br>**Sulmeyer**Kupetz, A Professional Corporation<br>333 South Grand Avenue, Suite 3400<br>Los Angeles, California 90071<br>Telephone: 213.626.2311<br>Facsimile: 213.629.4520 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor          ☒ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
Complaint for Avoidance and Recovery of Liens Pursuant to 11 U.S.C. §§ 547(b), 550 and 551

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 70 01( 1) – Recovery of Money/Property**
☐ 11-Recovery of money/propert y - §542 turnover of property
☒ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 70 01 (2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001( 3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4 ) – Objection/ Revocation of Discharge**
☐ 41-Objection/re vocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 6 6 -Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 70 01(6) – Dischargeability (continued)**
☐ 61 -Dischargeability - §523(a)(5 ), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 6 5 -Dischargeability - other

**FRBP 70 01(7) – Injunctive Relief**
☐ 71 -Injunctive relief- imposition of stay
☐ 72-Injunctive relief - other

**FRBP 70 01(8) Subordination of Claim or Interest**
☐ 81 -Subordination of claim or interest

**FRBP 70 01(9) Declaratory Judgment**
☐ 91 -Declaratory judgment

**FRBP 70 01(10) Deter mi nation of Remove d Act ion**
☐ 01 -Determination of removed claim or cause

**Other**
☐ SS-SIPA Case - 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | ☐ Demand $ |

Other Relief Sought


American LegalNet, Inc.
www.FormsWorkFlow.com

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>RAYMOND EXPRESS INTERNATIONAL, LLC | BANKRUPTCY CASE NO.<br>2:18-bk-11909-ER | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>HON. ERNEST M. ROBLES |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br>*/s/Mark S. Horoupian* | | |
| DATE<br>February 20, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>Mark S. Horoupian | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.


American LegalNet, Inc.
www.FormsWorkFlow.com